Veal *vs.* Veal.

JORDAN F. VEAL, plaintiff in error, *vs.* ANDREW J. VEAL, administrator, defendant in error.

1. When in a proceeding under sections 4005, 4013 of the Code, against one as a tenant holding over, the defendant denies the tenancy, and sets up that he entered as the owner, and not as tenant, and an issue is formed and on trial, and the assumed landlord dies, and his administrator is made a party, the defendant cannot be sworn as a witness in his own behalf, unless for the special purpose of proving some fact transpiring since the death of the alleged landlord.

2. The verdict of the jury in this case, though not entirely satisfactory, is yet not so contrary to the testimony as to justify this Court in overruling the judgment of the Judge refusing a new trial.

Proceeding against tenant holding over. Motion for new trial. Evidence. Before R. L. WARTHEN, Esq., presiding by consent. Washington Superior Court. October Adjourned Term, 1870.

Andrew J. Veal, as guardian for his father Edward Veal, made affidavit on the 11th day of February, 1870, that he was the legal owner of a certain tract of land situated in Washington county, and that Jordan F. Veal was then occupying said land by sufferance; that deponent had demanded possession and said Jordan had refused to deliver the same to him. Whereupon, the usual warrant for the possession of the land issued. Jordan F. Veal made a counter-affidavit, and the case was returned to Washington Superior Court. Edward Veal having, in the meantime, died, Andrew J. Veal, as his administrator, was made the party plaintiff by consent. The cause being at issue, was submitted to a jury, who found for the plaintiff. A motion was made by defendant for a new trial, which was overruled by the Court. Whereupon, plaintiff excepted, upon the ground, among others, that the Court erred in refusing to admit Jordan F. Veal as a witness in his own behalf, the other party to the contract being dead.

LANGMADE & EVANS, for plaintiff in error.

JOHN N. GILMORE; CARSWELL & DENNY, for defendant.

McCay, Judge.

The issue in this case is made by the two affidavits. The plaintiff's affidavit declares that the defendant is the tenant of the deceased. The defendant's affidavit denies this, and that alone is the issue or cause of action on trial. It seems to us, therefore, that the defendant comes directly within the exception in the Evidence Act. The issue or cause of action on trial is whether the defendant was the tenant of his father, and the father being dead, the case comes almost within the words as well as the spirit of the exception: Code, sec. 3798.

We should have been, perhaps, better satisfied with this verdict had it been for the other side. But it is not *decidedly* and *strongly* against the weight of evidence. We, too, are not a jury, and it would strike at the very root of the right of trial by jury if the Courts were to interfere in every case where they disagreed with the jury as to the proper verdict in a given case. The verdict must be such as to show passion, prejudice, etc. If calm, honest men may differ as to the proper verdict, the Courts ought not to interfere.

Judgment affirmed.